ORIGINAL

FILED

06/27/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0167

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 22-0167

_____

SARAH RAE McKNIGHT,

     Plaintiff and Appellee,

v.

STATE OF MONTANA,

    Defendant and Appellant.

_____

FILED

JUN 2 7 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

**O R D E R**

Appellant Sarah Rae McKnight (McKnight) has appealed from the Order on Post-Conviction Relief of the Fourth Judicial District Court, Missoula County, in its Cause No. DC-16-16.

On May 17, 2016, McKnight plead guilty to five felonies—including deliberate homicide, attempted deliberate homicide, and aggravated kidnaping—and on February 23, 2017, McKnight was sentenced to two consecutive life sentences, together with three, ten-year concurrent sentences. Within a year, McKnight filed a _pro se_ motion for ineffective assistance of counsel which the District Court treated as a petition for postconviction relief (PCR). The State responded requesting the court appoint McKnight postconviction counsel and set a hearing, both of which the court did. Attorney Kottke filed her appearance in the case and requested the hearing be vacated so she could consult with McKnight and file an amended PCR petition. As such, the court vacated the hearing. Twenty-seven months later, attorney Stephens substituted for Kottke as counsel of record. In his notice he indicated that he, too, intended to amend the PCR petition and request a hearing. Two- and one-half years later, on February 18, 2022, the District Court issued an order dismissing McKnight's PCR petition.[1]

_____

[1] The order provides that no amendment to the PCR petition was ever filed, no hearing was requested, and concluded McKnight's allegations of IAC were unsupported or false. The District Court concluded McKnight's allegations that her counsel failed to investigate her case or withheld

McKnight asserts the District Court abused its discretion in dismissing her PCR petition without a hearing and that she received ineffective assistance of counsel (IAC) from her PCR court-appointed attorneys for failing to investigate, file an amended petition, or request a hearing. As the District Court ordered the State to respond, the State acknowledges the court did not determine McKnight's original petition and the record conclusively established she was not entitled to relief and that the State had agreed there was no way for the court to conclusively deny McKnight's petition when it requested the court set an evidentiary hearing. The State concedes that, based on the facts and circumstances of this case, the District Court should have held an evidentiary hearing to hear McKnight's IAC claims. The State agrees it is appropriate to reverse and remand this matter for further proceedings.

Based on our review of the record and the State's concession, we agree the District Court's order dismissing McKnight's PCR petition must be reversed and this matter remanded to the District Court for further proceedings.

IT IS HEREBY ORDERED

That the District Court's February 18, 2022 Order on Post-Conviction Relief is REVERSED and this matter is REMANDED for further proceedings to include: (1) a determination of the status of currently appointed counsel and whether counsel desires to continue as counsel of record; (2) appointment of new counsel, if necessary or appropriate; (3) entry of a scheduling order providing deadlines for amending McKnight's petition, for the filing of the State's responsive pleading, and for the closure of discovery; and (4) setting an evidentiary hearing on the amended petition.

IT IS FURTHER ORDERED that this appeal is DISMISSED without prejudice to bring appeal with regard to further proceedings occurring in District Court subsequent to this remand.

---

evidence from her or the court were conclusory and lacked evidentiary support and surmised that this was why no amended petitions were ever filed or evidentiary hearing requested by her PCR counsel.

2

IT IS FURTHER ORDERED that REMITTITUR shall issue IMMEDIATELY UPON REMAND.

The Clerk is directed to provide copies of this Order to all counsel of record and to presiding judge Honorable Robert L. Deschamps.

Dated this 27th day of June, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

3